■ In the Matter of the Claim of JOHN THUROT, Respondent v. TRANS CARIBBEAN AIRWAYS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision and award of the Workmen's Compensation Board filed July 20, 1966. Claimant was employed as an aircraft dispatcher at Idlewild International Airport in New York City. He testified that he took a familiarization flight to San Juan, Puerto Rico on October 16, 1961. He stayed overnight in Puerto Rico with the rest of the crew. The return flight was delayed and while taking a drive in an automobile with the pilot of the crew, they were involved in an accident and claimant sustained serious injuries. The claimant's duties as a dispatcher concerned the New York

to San Juan route and he had previously taken a familiarization flight over this route to become acquainted with the actual flying conditions such as weather, communications and crew and aircraft performance. Claimant was listed on the flight log and testified that he sat in the cockpit with the operating crew and made certain observations in connection with the flight; but there is uncontradicted evidence that he would have been permitted to sit in the cockpit, listed "DH" (indicating "dead-head crew") as he was listed on this flight, whether he was making a familiarization flight in the line of duty or was merely a passenger given a gratuituous flight by the employer. Appellants concede that the subsequent motor vehicle accident would be compensable if the flight was a "familiarization flight." The board found that the accident arose out of and in the course of claimant's employment, specifically basing this conclusion upon its findings "that the claimant was on the employer's payroll during the month of October, 1961, as his name appeared on the list sheet for the flight and as he had permission from the employer to fly in the plane". Thus, the board omitted to make any finding with respect to the critical issue, which was, whether or not claimant was on a familiarization flight, his testimony to that effect being the only substantial evidence in the record tending to connect the journey with the employment; and, his testimony being contradicted, it was incumbent upon the board to specifically determine the question. Decision reversed and matter remitted for additional appropriate findings, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.